UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| MARK ADAM MCMANUS,<br>Plaintiff,<br>v.<br>CAROLYN W. COLVIN,<br>Defendant. | Case No. 13-cv-00838-NJV<br><br>**ORDER REQUIRING FURTHER BRIEFING**<br><br>Re: Dkt. Nos. 21, 25 |

In September 2009, Plaintiff Mark McManus applied for Social Security disability benefits; the following month, he applied for Supplemental Security Income ("SSI") disability benefits. He applied on the ground that he was unable to work because of lower back injuries. *See* Administrative Record ("AR") 128. His claim was denied initially and on reconsideration. AR at 128-132, 143-148. Plaintiff requested a hearing before an administrative law judge ("ALJ"), which took place on February 7, 2011. AR 47. The ALJ denied benefits, and the Social Security Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner of Social Security. AR 1. Plaintiff timely filed his appeal of the Commissioner's final decision to this court. All parties have consented to this court's jurisdiction. *See* Doc. Nos. 4 & 10. The court therefore has jurisdiction to decide the parties' cross-motions for summary judgment.

A district court has a limited scope of review and can only set aside a denial of benefits if it is not supported by substantial evidence or if it is based on legal error. *Flaten v. Sec'y of Health & Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995). Substantial evidence is "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 979 (9th Cir.

1997). "In determining whether the Commissioner's findings are supported by substantial evidence," a district court must review the administrative record as a whole, considering "both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998). The Commissioner's conclusion is upheld where evidence is susceptible to more than one rational interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

Plaintiff's first argument on appeal raises a procedural issue that neither party has adequately addressed. Plaintiff argues that during the February 2011 hearing, the medical expert's testimony was based on 22 exhibits, but that Plaintiff's counsel and the ALJ only had access to 14 exhibits. *See* Doc. No. 21. The ALJ admitted 14 exhibits into the record (AR 70), and Defendant contends that "there is absolutely no support" for Plaintiff's contention that the medical expert had "additional exhibits" that Plaintiff and the ALJ did not have. Doc. No. 25 at 10. In fact, although the participants were all using the same documents during the hearing, the witness used exhibits that were numbered differently than the exhibits that were provided to Plaintiff's counsel. It is apparent from the record that the mis-numbering of the exhibits, and the ALJ's failure to redress the problem at the hearing, was unduly prejudicial to Plaintiff's counsel's ability to follow the testimony and meaningfully cross-examine the witness.

During the hearing, Plaintiff's counsel objected that she had been unable to follow the medical expert's direct testimony: "I would like to see a copy of your exhibit list because I couldn't follow you at all. [I]t didn't seem to me like my exhibits matched what you were talking about." AR 95; *see also* AR 119 ("I totally could not follow the expert . . . The records just don't match and so I was just at a loss"). Plaintiff's counsel was correct that her exhibits did not match the exhibits used by the witness. Before the hearing and off the record, the ALJ and the medical expert determined that the medical expert had 22 medical exhibits while the ALJ only had 14: "what happened is [that the medical expert] ended up with some duplicate exhibits. . . . he was sent some extras." *Id.*; *see also* AR 119. Plaintiff's counsel was not involved in this discussion, and it was not explained to her before the ALJ examined the expert. This issue only came to light after Plaintiff's counsel complained that she could not follow the direct testimony. AR 95-96.

1  (Importantly, from the hearing transcript it appears that Plaintiff's counsel and the medical expert
2  appeared from different locations, thus the confusion could not be easily remedied by simply
3  showing counsel the documents being discussed during his testimony.)  The medical expert
4  suggested that counsel could ask him to clarify which exhibits he had been referring to; counsel
5  found this inadequate and reiterated that she could not follow the testimony.  AR 97 ("Because I
6  couldn't understand the testimony, so no, I don't have questions").  The ALJ did not pause the
7  proceedings or straighten out the numbering of the exhibits, but instead suggested that counsel use
8  the cross-examination as an opportunity to clarify the testimony.  *Id*.  After the hearing, Plaintiff's
9  counsel again objected that the expert's testimony was "impossible to follow, . . . because . . . his
10 exhibits did not match those provided to me."  AR 267.  In his decision, the ALJ rejects Plaintiff's
11 assessment of the testimony as "impossible to follow," finding that because the expert "also
12 referred to specific dates of treatment . . . his testimony was quite easy to follow, as he tracked
13 exhibit file evidence."  AR 32.
14     The court has attempted to follow the examination transcript by cross-referencing the
15 expert's testimony with the exhibit list, and finds that the mis-numbering of the exhibits would
16 have prevented Plaintiff's counsel from meaningfully following the testimony of, and cross-
17 examining, the expert.  For example, the first exhibit the expert cited is 6F, a January 7, 2010
18 document measuring an elevated blood glucose of 104.  *See* AR 81.  The exhibited listed as 6F in
19 the AR index is a medical evaluation from L. Chiang dated 8/23/2010.  There is no index entry
20 dated 1/7/2010, but there are two index entries comprising long date ranges that include 1/7/2010
21 (10F and 13F).  Combined, these two index entries exceed 60 pages.  Thus, without having been
22 informed of the exhibit mis-numbering, Plaintiff's counsel was expected to listen to and
23 understand the testimony, realize that the expert was referring to another exhibit in the AR, cross-
24 reference the dates of the exhibit cited by the medical expert with the AR index, review the
25 exhibits that fell in the appropriate date range to determine what document was being discussed,
26 all the while following the testimony and preparing her cross examination.  The second exhibit
27 cited by the expert, 5F is from May 8, 1997.  AR 82.  There are three separate index entries
28 comprising long date ranges that include 5/8/97: 7F (42 pages), 9F (29 pages), and 13F (25 pages).

United States District Court
Northern District of California

3

1  Similarly, when the expert discussed the records pertinent to Plaintiff's low-back problems, he
2  identified a September 2, 2009 MRI as exhibit 21F.  AR 83.  Plaintiff's counsel did not have an
3  exhibit 21F, but there are three separate index entries comprising long date ranges that include
4  9/2/2009: 5F (29 pages), 10F (43 pages), and 13F (25 pages).  The expert then discussed exhibit
5  22F ("an examination that day"), which again would have required Plaintiff's counsel to comb
6  through three lengthy exhibits to find the examination the expert was analyzing.  *See also* AR 84
7  (discussing Exhibit 17F); AR 85 (discussing four mis-numbered exhibits).  That the expert could
8  cross-reference the exhibits he had with the AR index (Doc. No. 25 at 10) did not help Plaintiff's
9  counsel do so when she did not know what exhibits were being discussed in the first instance.
10 Defendant argues that the ALJ adequately developed the record and that Plaintiff had a meaningful
11 opportunity to examine the medical expert.[1]

12 Neither party has cited any legal authority regarding the import of such a procedural error
13 given the deferential standard of review this court must apply when reviewing the ALJ's decision.
14 In what circumstances does a procedural error, *i.e.*, the failure to provide exhibits in a manner that
15 could be used reasonably effectively by the parties during the hearing, form a basis for reversal?
16 Specifically, assuming that the court finds, as it has, that the exhibit mis-numbering deprived
17 Plaintiff of the opportunity to meaningfully cross-examine the medical expert, does this alone
18 constitute reversible error?  The parties shall submit supplemental letter briefs (not to exceed three
19 pages) no later than three weeks from the date of this order.

**IT IS SO ORDERED**.

Dated: December 13, 2013

NANDOR J. VADAS
United States Magistrate Judge

---

[1] The court agrees with Defendant that the expert was very prepared and familiar with the evidence, and was ready to answer questions about the documents.  Doc. No. 25 at 11.  The court also agrees that the ALJ developed the record adequately.  In fact, the ALJ urged Plaintiff to obtain an additional MRI that would support his description of his physical limitations and kept the record open to allow Plaintiff to obtain this new evidence.  *See* AR 117-119.