UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| MARK ADAM MCMANUS,<br><br>Plaintiffs,<br><br>v.<br><br>CAROLYN W. COLVIN,<br><br>Defendants. | Case No. 13-cv-00838-NJV<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING ACTION; DENYING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. Nos. 21, 25 |

In September 2009, Plaintiff Mark McManus applied for Social Security disability benefits; the following month, he applied for Supplemental Security Income ("SSI") disability benefits. He applied on the ground that he was unable to work because of lower back injuries. *See* Administrative Record ("AR") 128. His claim was denied initially and on reconsideration. AR at 128-132, 143-148. Plaintiff requested a hearing before an administrative law judge ("ALJ"), which took place on February 7, 2011. AR 47. The ALJ denied benefits, and the Social Security Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner of Social Security. AR 1. Plaintiff timely filed his appeal of the Commissioner's final decision to this court. All parties have consented to this court's jurisdiction. *See* Doc. Nos. 4 & 10. The court therefore has jurisdiction to decide the parties' cross-motions for summary judgment.

After reviewing the parties' initial summary judgment submissions, the court ordered the parties to provide further briefing. *See* Doc. No. 27. Specifically, the court asked the parties to address the circumstances in which "a procedural error, *i.e.*, the failure to provide exhibits in a manner that could be used reasonably effectively by the parties during the hearing, form a basis

for reversal? Specifically, assuming that the court finds, as it has, that the exhibit mis-numbering deprived Plaintiff of the opportunity to meaningfully cross-examine the medical expert, does this alone constitute reversible error?" *Id*.

For the reasons stated below, and based on the original and further briefing of the parties, the court will grant Plaintiff's motion for summary judgment and deny Defendant's motion for summary judgment. The court will remand the case to the Commissioner for further proceedings consistent with this opinion.

## LEGAL STANDARD

A district court has a limited scope of review and can only set aside a denial of benefits if it is not supported by substantial evidence or if it is based on legal error. *Flaten v. Sec'y of Health & Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995). Substantial evidence is "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 979 (9th Cir. 1997). "In determining whether the Commissioner's findings are supported by substantial evidence," a district court must review the administrative record as a whole, considering "both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998). The Commissioner's conclusion is upheld where evidence is susceptible to more than one rational interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

## FACTUAL BACKGROUND

During the hearing before the ALJ, Plaintiff's counsel objected that she had been unable to follow the medical expert's direct testimony: "I would like to see a copy of your exhibit list because I couldn't follow you at all. [I]t didn't seem to me like my exhibits matched what you were talking about." AR 95; *see also* AR 119 ("I totally could not follow the expert . . . The records just don't match and so I was just at a loss"). Plaintiff's counsel was correct that her exhibits did not match the exhibits used by Dr. Axline, the medical expert. Before the hearing and off the record, the ALJ and Dr. Axline determined that Dr. Axline had 22 medical exhibits while the ALJ only had 14: "what happened is [that the medical expert] ended up with some duplicate

exhibits. . . . he was sent some extras." *Id.*; *see also* AR 119. Plaintiff's counsel was not involved in this discussion, and it was not explained to her before the ALJ examined Dr. Axline. This issue only came to light after Plaintiff's counsel complained that she could not follow the direct testimony. AR 95-96. (Plaintiff's counsel and Dr. Axline attended the hearing from different locations, thus the confusion could not be easily remedied by simply showing counsel the documents being discussed during the testimony.) Dr. Axline suggested that counsel could ask him to clarify which exhibits he had been referring to; counsel found this inadequate and reiterated that she could not follow the testimony. AR 97 ("Because I couldn't understand the testimony, so no, I don't have questions"). The ALJ did not pause the proceedings or straighten out the numbering of the exhibits, but instead suggested that counsel use the cross-examination as an opportunity to clarify the testimony. *Id*. After the hearing, Plaintiff's counsel again objected that Dr. Axline's testimony was "impossible to follow, . . . because . . . his exhibits did not match those provided to me." AR 267. In his decision, the ALJ rejects Plaintiff's assessment of the testimony as "impossible to follow," finding that because the expert "also referred to specific dates of treatment . . . his testimony was quite easy to follow, as he tracked exhibit file evidence." AR 32.

In his motion for summary judgment, Plaintiff argues (*inter alia*) that the exhibit confusion (both the substantive failure to use the same exhibits and the procedural failure to use uniformly-numbered exhibits) prevented meaningful cross-examination of the expert and requires reversal of the ALJ's decision and remand to the Commissioner. *See* Doc. No. 21. Defendant contends that "there is absolutely no support" for Plaintiff's contention that the medical expert had "additional exhibits" that Plaintiff and the ALJ did not have, and argues that there simply was a mis-numbering involving duplicate exhibits. Doc. No. 25 at 10.

The court already rejected Defendant's arguments on this issue. *See* Doc. No. 27. First, as Plaintiff notes, there is no evidence in the record that the additional exhibits were merely duplicates. *See* Doc. No. 29.[1] Second, even if the participants were using the same documents

---

[1] Plaintiff also argues that the ALJ only certified 14 exhibits to be included in the record, but that the AR includes 17 exhibits. The court has reviewed the 17 exhibits in the medical portion of the AR, and notes that exhibits 15 through 17 were provided after the hearing. *See* AR 39. They therefore could not have been reviewed by the ALJ nor included in the record at the

during the hearing, the witness used exhibits that were numbered differently than the exhibits that were provided to Plaintiff's counsel. It is apparent from the record that the mis-numbering of the exhibits, and the ALJ's failure to redress the problem at the hearing, was unduly prejudicial to Plaintiff's counsel's ability to follow the testimony and meaningfully cross-examine the witness. The court has attempted to follow the examination transcript by cross-referencing Dr. Axline's testimony with the exhibit list, and finds that the mis-numbering of the exhibits would have prevented Plaintiff's counsel from meaningfully following the testimony of, and cross-examining, the expert. For example, the first exhibit the expert cited is 6F, a January 7, 2010 document measuring elevated blood glucose. *See* AR 81. The exhibited listed as 6F in the AR index is a medical evaluation from L. Chiang dated 8/23/2010. There is no index entry dated 1/7/2010, but there are two index entries comprising long date ranges that include 1/7/2010 (10F and 13F). Combined, these two index entries exceed 60 pages.

Thus, without having been informed of the exhibit mis-numbering, Plaintiff's counsel was expected to listen to and understand the testimony, realize that the expert was referring to another exhibit in the AR, cross-reference the dates of the exhibit cited by the medical expert with the AR index, review the exhibits that fell in the appropriate date range to determine what document was being discussed, all the while following the testimony and preparing her cross examination. The second exhibit cited by the expert, 5F is from May 8, 1997. AR 82. There are three separate index entries comprising long date ranges that include 5/8/97: 7F (42 pages), 9F (29 pages), and 13F (25 pages). Similarly, when the expert discussed the records pertinent to Plaintiff's low-back problems, he identified a September 2, 2009 MRI as exhibit 21F. AR 83. Plaintiff's counsel did not have an exhibit 21F, but there are three separate index entries comprising long date ranges that include 9/2/2009: 5F (29 pages), 10F (43 pages), and 13F (25 pages). The expert then discussed exhibit 22F ("an examination that day"), which again would have required Plaintiff's counsel to comb through three lengthy exhibits to find the examination the expert was analyzing. *See also* AR 84 (discussing Exhibit 17F); AR 85 (discussing four mis-numbered exhibits). That the expert

---

hearing. The ALJ considered this post-hearing evidence carefully in his decision. *See* AR 32-33.

could cross-reference the exhibits he had with the AR index (Doc. No. 25 at 10) did not help Plaintiff's counsel do so when she did not know what exhibits were being discussed in the first instance.  If, as Plaintiff contends (*see* Doc. No. 29), the ALJ actually used different exhibits than those Plaintiff received, then the prejudice is even more dire.

## DISCUSSION

For the reasons stated above, the court finds that the mis-numbering of the exhibits, the failure of the ALJ to ascertain that the participants at the hearing had access to and were using the same exhibits, and the failure of the ALJ to continue the proceedings to allow the participants to remedy the confusion, deprived Plaintiff of his right to meaningfully cross-examine Dr. Axline, the expert witness.  *See* 5 U.S.C. § 556(d).  In her further briefing, Defendant argues that because there was substantial evidence in the record to support the ALJ's finding of non-disability, any procedural error involving Dr. Axline's testimony was harmless.  Doc. No. 28 at 1-2.  For the reasons stated below, the court disagrees.

*Solis v. Schweiker*, 719 F.2d 301, 301 (9th Cir. 1983), is on point.  When Solis appeared before the ALJ to appeal the denial of his disability benefits, the administrative record included five medical opinions.  Four of the physicians found that Solis was disabled, but disagreed as to how long his disability would continue.  Solis' treating physician found that his patient was permanently disabled.  The ALJ solicited a sixth medical opinion from an SSA examining physician, Dr. Starr.  The ALJ denied Solis' request to cross-examine Starr, but allowed him to submit interrogatories to the physician instead.  Starr opined that Solis had the RFC to sit, stand or walk for an eight-hour day, a finding that the ALJ used to conclude that Solis was capable of sedentary work and thus not disabled.  Solis appealed the ALJ's decision to the district court, arguing that Starr had been biased and that the ALJ erred in failing to allow Solis to cross-examine Starr about that bias at the hearing.  The district court summarily affirmed the denial of benefits.  Solis then appealed to the Ninth Circuit, which reversed and remanded.  Although the ALJ had discretion to decide when cross-examination was warranted, the Ninth Circuit nonetheless found that the ALJ had abused that discretion when he denied Solis the right to cross examine a witness whose report was "crucial" to the ALJ's finding of non-disability.  *Id.* at 302.  In that instance, the

Ninth Circuit also found that interrogatories had been inadequate, because evidence of "bias is better elicited through rigorous in-court scrutiny." *Id*.

In this case, Dr. Axline's opinion was "crucial" to the ALJ's determination that Plaintiff was not disabled. First, although the ALJ "made [his] own assessment of the evidence," he decided not to give the opinion of Plaintiff's treating physician controlling or great weight in part based on Dr. Axline's testimony. AR 31 ("Dr. Axline . . . testified that the opinions expressed by Dr. Bensky as a family practitioner . . . are not reliable or credible from an orthopedic perspective. Dr. Axline stated that Dr. Bensky's limitations are arbitrary and lack on objective basis in the medical evidence of record, and that his medical source statement is not supported by his on treatment records").[2] Second, the ALJ gave "great weight" to Dr. Axline's opinion, which he found "well supported, and consistent with the objective evidence." AR 32. Given these findings, the ALJ was required to allow Plaintiff to meaningfully cross-examine Dr. Axline. *See Solis*, 719 F.3d at 301. Indeed, the ALJ intended to give that opportunity to Plaintiff, but his intention was thwarted by a technical error. Having concluded that the exhibit mis-numbering deprived Plaintiff of that right, the court finds that the ALJ here abused his discretion by not remedying the mis-numbering of exhibits and allowing Plaintiff to meaningfully cross-examine the witness.

Even if the ALJ abused his discretion, Defendant argues that *Solis* does not require remand in this instance because "the ALJ did not rely on Dr. Axline's testimony alone [and] other substantial evidence in the record supports the ALJ's decision." Doc. No. 28 at 2. But, in *Solis*, the Ninth Circuit did not review the record to determine if there was substantial evidence to support the ALJ's finding of non-disability. While the Ninth Circuit did consider whether the interrogatories were "an adequate substitute" for live cross-examination, it did not otherwise analyze whether the error was harmless. The Ninth Circuit reversed and remanded the action based on the ALJ's abuse of discretion in denying cross-examination. *See* 719 F.3d at 302; *cf.*

---

[2] The court also notes that the error may not have been harmless. The ALJ here gave far greater weight to the opinion of a non-treating, non-examining physician than to that of Plaintiff's treater. The ALJ articulated clear and convincing reasons for doing so, but cross-examination could have affected the weight the ALJ accorded to the different opinions in the record, and thus changed his ultimate decision.

6

*Bradley v. Barnhart*, 2002 U.S. Dist. LEXIS 5889 (N.D. Cal. Apr. 4, 2002) (ALJ's failure to allow a claimant to cross-examine a vocational expert on whose opinion the ALJ relied to deny the claimant benefits constituted an abuse of discretion; opinion of the un-cross-examined expert did not constitute substantial evidence for the Commissioner's finding of non-disability; remanding for further proceedings because decision was not based on substantial evidence). The court accordingly rejects Defendant's argument. The court finds that the ALJ's error constituted an abuse of discretion that requires reversal and remand for further proceedings.

## CONCLUSION

For the reasons stated above, the court finds that the ALJ abused his discretion in denying Plaintiff the right to meaningfully cross-examine Dr. Axline. The court accordingly reverses the decision denying disability and remands the case. The Commissioner shall conduct further proceedings consistent with this order, at a minimum allowing Plaintiff to meaningfully cross-examine the medical expert.

The Clerk of the Court is directed to close the file.

**IT IS SO ORDERED**.

Dated: January 9, 2014

_____
NANDOR J. VADAS
United States Magistrate Judge